AUGUSTUS M. PULSIFER *vs.* AUGUSTUS C. CROWELL.

*Evidence.   Practice.*

A witness cannot corroborate his statements upon the stand by proof of other statements made by him elsewhere, although contained in a letter written about matters affecting the party in the suit against whom he has testified.

ON EXCEPTIONS.

ASSUMPSIT upon a note of this tenor:

· "WATERVILLE, June 14, 1870.

Two years after date I promise to pay to the order of A. M. Capen, fourteen hundred and nineteen dollars, at Ticonic National Bank, value received, with interest *at the rate of two and half per cent each month after due until paid.*

A. C. CROWELL."

The issue of fact was whether or not the clause italicized above had been inserted after the delivery of the note to the payee, and without the maker's consent; the latter affirming that it was so added and the former denying it. Mr. Plaisted, the cashier of the Ticonic National Bank, called by the plaintiff, testified that he received from Mr. Capen, in July, 1870, these two letters:

· "WATERVILLE, July 5, 1870.

A. M. CAPEN : · I send you to-day eighty dozen socks by Eastern express. Please return my note by mail. I have a chance to sell all the stockings I take this fall on three and four months. If you like, you can return the other note you hold against me for socks by express, and I will give you a cash note payable in three months.      Respectfully,          A. C. CROWELL."

"NEW YORK, July 7, 1870.

Mr. A. PLAISTED,—Dear Sir : I enclose you some notes to collect against A. C. Crowell, which please do, and remit me, less your charges and commissions. The one at thirty days you may

deliver to Mr. Crowell, on his paying you $7.20, being the amount of express charges which I had to pay on the eighty dozen stockings I have just now received from him. The note at sixty days, as you see, he says he prefers to give a three months' note for, and to this I accede, if he means three months from June 14, which I presume he does ; and you may take such a note, and give him his sixty day note in exchange, but please insert in the note you take the two and one-half per cent. penalty clause which you will observe in the others. I guess he will pay me this time. I have had trouble enough and much expense with him.

A. M. CAPEN."

This second letter was excluded by the presiding judge, upon defendant's objection, and the plaintiff excepted, the verdict being against him. He also filed a motion for a new trial, but no question of law arose under it.

*Pulsifer, Bolster & Hosley,* for the plaintiff.

It is in proof that four other notes were given to Mr. Capen by Mr. Crowell at the same time and place as the one in suit ; two of them being for $390 each, payable in socks in thirty and sixty days at the Ticonic National Bank. The bank, then, was the place of delivery of the socks. Before the earlier note matured, or reached the bank, Crowell sent the socks to New York by express, to pay it, requesting Mr. Capen, by the foregoing letter, to return the note by mail, and, if he chose, to exchange the second one for a cash note. In furtherance of this arrangement, Mr. Capen sent these letters to Mr. Plaisted, the cashier, who swears he always observes the directions of those doing business at the bank, as to the disposition of notes left for collection, though he has no particular recollection what was done in the present instance, except that he did take a new note of Mr. Crowell for that drawn on sixty days. The defendant refused to comply with our notice to produce all the notes given by him to Mr. Capen. The cashier said that the note in renewal of the sixty days' note was in Crowell's own handwriting, and was taken up by him at

maturity, at the bank.    Evidently, then, this last note was made in conformity with the instructions contained in this letter to Mr. Plaisted, which must, therefore, have been communicated to Mr. Crowell, and was thus rendered admissible.    It was part of the *res gestæ*, peculiar to this case.

*E. F. Webb*, and *Frye, Cotton & White*, for the defendant.

PETERS, J.    One question in this case was, whether a "penalty clause" in the note in suit was inserted without the maker's assent after the note was given.    The defendant swore that he never signed this or any other note with such a clause in it.    The payee of the note, who is the real but not the nominal plaintiff, swore that the defendant did execute this note with the clause in it, and that he had also executed other notes to him written in the same way.    To corroborate himself, the plaintiff offered in evidence a letter written by him to a bank cashier, containing notes against the defendant to collect.    The pith of the letter, which he seeks to introduce, is a statement of his own tending to show the existence of notes (other than the one in suit,) with the controverted clause in them.    The letter was properly excluded.    Its admission would have allowed the witness to corroborate his statement on the stand by his own statements made elsewhere.    It could have had no other effect.    It was no part of any *res gestæ*, by which the defendant could be affected; but was as to him *res inter alios acta*, and had no legitimate bearing upon the issue involved. *Commonwealth* v. *Harper*, 7 Allen, 539.

We do not feel called upon to set the verdict aside as against the evidence.    The jury believed the defendant, and we cannot say that this conclusion was clearly erroneous.

*Exceptions and motion overruled.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and VIRGIN, JJ., concurred.